## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMOS SANTOS RODRIGUEZ, | ) | |
| Petitioner, | ) | Civil Action No. 12-180 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| MICHAEL W. HARLOW, et al, | ) | |
| Respondents. | ) | |

### OPINION & ORDER

United States Magistrate Judge Susan Paradise Baxter

## I.      INTRODUCTION

### A.  Relevant Procedural History

Plaintiff, acting *pro se*, filed this habeas corpus petition on August 6, 2012; however, the petition was handwritten and was not on the standard 28 U.S.C. 2254 form required by the local rules, nor was the petition accompanied by either the $5.00 filing fee or a motion to proceed *in forma pauperis*.  Petitioner subsequently filed a motion for leave to proceed *in forma pauperis* on August 28, 2012 [ECF No. 3], but the motion was denied by this Court's Order dated August 31, 2012 [ECF No. 5].

This Court issued another Order on August 31, 2012, requiring Petitioner to complete and submit a standard 28 U.S.C. §2254 form, along with the $5.00 filing fee, within twenty days of the Order or suffer dismissal of this action for failure to prosecute. [ECF No. 6].  Petitioner filed a motion to quash this Order on September 11, 2012 [ECF No. 7], which was denied by Order of this Court dated October 16, 2012 [ECF No. 8].  In addition to denying Petitioner's motion to

quash, this Court once again ordered Petitioner to re-file his habeas petition on the standard 28

U.S.C. §2254 form, along with the $5.00 filing fee, within twenty days of the date of the Order,

or suffer dismissal of this action for failure to prosecute [ECF No. 8].[1]

On October 26, 2012, Petitioner resubmitted his original handwritten habeas corpus

petition [ECF No. 9], despite this Court's Orders requiring him to resubmit the petition on the

standard form required by the local rules.  Petitioner also did not submit the $5.00 filing fee until

November 13, 2012 [ECF No. 10].

### B.    Discussion

#### 1.    *Poulis* Analysis

Under Rule 41(b), a district court may dismiss an action *sua sponte* due to a plaintiff's

failure to prosecute the case.  See Lopez v. Cousins, 2011 WL 2489897, at *1 (3d Cir. June 23,

2011).  In order for a court to determine whether dismissal of a case is appropriate, the Third

Circuit has set out a six-factor balancing test which requires consideration of:  1) the extent of

the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet

scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct

of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than

dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the

claim or defense.  Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

There is no "magic formula" for balancing the so-called *Poulis* factors, and not all of the six

factors need to be satisfied in order to warrant dismissal.  See Karpiel v. Ogg, Cordes, Murphy &

---

[1]

In conjunction with each Order dated August 31, 2012 [ECF No. 6] and October 16, 2012 [ECF No. 8], Petitioner
was mailed a standard 28 U.S.C. §2254 form to complete and return to the Clerk of Courts.

Ignelzi, L.L.P., 405 Fed.Appx 592, 595 (3d Cir. 2010), citing Mindek v. Rigatti, 964 F.2d 1369,

1373 (3d Cir. 1992) and Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).  Applying

the *Poulis* factors to the present matter, this Court recommends the dismissal of this matter.


### a.   Extent of Personal Responsibility

This first *Poulis* fact weighs heavily in favor of dismissal.  During the pendency of any

litigation, the parties are under a continuing obligation to keep the Court informed of their

address.  In a case filed *pro se*, this is solely the obligation of the petitioner and Petitioner was

advised of this obligation by way of the Pro Se Instructions from the Clerk of Courts.  Petitioner

is proceeding *pro se* and therefore bears full responsibility for any failure in the prosecution of

his claims.  See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is

personally responsible for the progress of his case and compliance with a court's orders).


### b.   Prejudice to the Adversary

Petitioner's continuing failure to complete and submit a standard 28 U.S.C. § 2254 form

in accordance with the local rules places an undue burden on the Court's ability to properly

screen the merits and procedural validity of the petition under 28 U.S.C. § 1915(e) before

proceeding with service of the petition in the normal course. The inability to proceed in the

normal course requires this Court to find that Respondents are prejudiced by Petitioner's failure

to prosecute this case.

### c.   History of Dilatoriness

Since the inception of this case, Petitioner has failed to comply with two Orders of this Court explicitly requiring him to complete and submit the standard form that was mailed to Petitioner along with each Order.  Petitioner was also seriously delinquent in submitting the $5.00 filing required to have his petition filed.

### d.   Willful or bad faith acts by Plaintiff

There is no evidence of bad faith by Petitioner in this case and so this factor is neutral.

### e.   Effectiveness of Alternative Sanctions

As to the fifth *Poulis* factor, no alternate sanctions are appropriate. Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent *pro se* parties, such as Petitioner.  See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002).  The Court is left with no means of communicating with Petitioner to impose any lesser sanction than dismissal of this case.

### f.   Meritoriousness of Claims or Defenses

Generally, courts use the standard for a Rule 12(b)(6) motion to dismiss to decide if a claim is meritorious.  Briscoe, 538 F.3d at 263.  Here, the identical claim raised by Petitioner in this action was previously raised in a habeas corpus petition filed by Petitioner in the United States District Court for the Middle District of Pennsylvania.  Rodriguez v. The Court of Common Pleas of York County, C.A. No. 1:11-CV-2267.  That claim was dismissed by the

Middle District Court on or about May 7, 2012.  Thus, this factor weighs heavily in favor of dismissal.

In sum, five of the six <u>Poulis</u> factors weigh heavily in favor of dismissal of this action, and, in the absence of a properly filed habeas corpus petition, this Court is left with no choice but to dismiss this case due to Petitioner's failure to prosecute.

An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMOS SANTOS RODRIGUEZ, | ) | |
| Petitioner, | ) | Civil Action No. 12-180 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| MICHAEL W. HARLOW, et al, | ) | |
| Respondents. | ) | |

**O R D E R**

AND NOW, this 5th day of December, 2012;

IT IS HEREBY ORDERED that the instant habeas corpus action be dismissed without prejudice pursuant to Fed.R.Civ.P. 41(b), due to Plaintiff's failure to prosecute this case.

The Clerk is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge